IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Audrey Paul, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  3:11-cv-50183 |
| Resurgent Capital Services, L.P., a Delaware limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Audrey Paul, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Audrey Paul ("Paul"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed for a Credit One Bank credit card, which was then allegedly owed to a bad debt buyer, despite the

fact that she was represented by counsel and had told the Defendants to cease collections and cease communications.

4. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Resurgent operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff. In fact, Defendant LVNV conducts extensive and substantial business in Illinois.

6. Defendant LVNV is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, which it then tries to collect upon through its sister corporation, Defendant Resurgent, and through other debt collectors.

7. Defendants Resurgent and LVNV are each authorized to conduct

business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, both Resurgent and LVNV conduct extensive and substantial business in Illinois.

8. Defendants Resurgent and LVNV are each licensed as a debt collection agency in the State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, both Resurgent and LVNV act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Paul is a 80-year old cancer survivor, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Credit One Bank. At some point in time, Defendant LVNV bought Ms. Paul's Credit One Bank debt after she defaulted on it, and when Defendants began trying to collect the Credit One Bank debt from her, by sending her an initial collection letter, via another debt collector, J.C. Christensen & Associates, Inc., dated June 1, 2011, she sought the assistance of attorneys regarding her financial difficulties and Defendants' collection actions. A copy of this letter is attached as Exhibit <u>C</u>.

10. On June 9, 2011, one of Ms. Paul's attorneys informed Defendants, in writing, that Ms. Paul was represented by counsel, and directed Resurgent to cease contacting her, and to cease all further collection activities because Ms. Paul was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmations are attached as Exhibit <u>D</u>.

11. Nonetheless, Defendants sent a collection letter, dated June 14, 2011, directly to Ms. Paul, about the Credit One Bank debt. A copy of this letter is attached as

Exhibit E.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to collect a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Paul's attorney, Philipps & Philipps, Ltd., told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and failing to cease collections (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

17. Defendants' violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

4

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20. Defendants knew, or readily could have known, that Ms. Paul was represented by counsel in connection with her debts because her attorneys at Philipps & Philipps, Ltd. had informed Defendants, in writing (Exhibit D), that Ms. Paul was represented by counsel, and had directed a cessation of communications with Ms. Paul. By sending a collection letter (Exhibit E) to Ms. Paul, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

21. Defendants' violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Audrey Paul, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Paul, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Audrey Paul, demands trial by jury.

    Audrey Paul,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: June 22, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com